UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN ELLIS, ROSEANN ARANDA, ANGELA CULPEPPER, and LLOYD JOLY individually and on behalf of others similar situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PACIFIC BELL TELEPHONE COMPANY d/b/a AT&T CALIFORNIA, AT&T OPERATIONS, INC., AT&T ENTERPRISE SERVICES, INC., AT&T CORP., and Does 1 through 100, inclusive,<br><br>Defendants. | Case No. SACV 11-00627-CJC(FFMx)<br>Hon. Cormac J. Carney<br><br>STIPULATED PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION<br><br>**NOTE CHANGES MADE BY COURT** |

Defendants PACIFIC BELL TELEPHONE COMPANY d/b/a AT&T CALIFORNIA, AT&T OPERATIONS, INC., AT&T SERVICES, INC., and AT&T CORP (together, "Defendants") and Plaintiffs LYNN ELLIS, ROSEANN ARANDA, ANGELA CULPEPPER, and LLOYD JOLY (together, "Plaintiffs;" Defendants and Plaintiffs together, "Parties"), by and through their counsel of record, hereby stipulate to, and respectfully request that the Court issue, the following Protective Order.

WHEREAS, the Parties believe that future pre-trial discovery in the above-entitled action may involve the disclosure by the Parties of confidential, trade secret, and/or proprietary business and financial information or private information pertaining to third parties.

IT IS HEREBY STIPULATED AND AGREED, by and between the Parties, through their undersigned counsel, that this Court enter into the following Stipulated Protective Order ("Stipulation" or "Stipulated Protective Order") with respect to pre-trial discovery. This Stipulation shall govern the treatment of all documents produced by either party in response to any discovery request in the lawsuit entitled <u>Lynn Ellis, et al. v. Pacific Bell Telephone Company, et al.</u> pending in the Central District of California, SACV 10-01141-CJC(FFMx) ("Action"), and all copies thereof (the "Discovery Materials").

1.  <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2.  <u>DEFINITIONS</u>

2.1  <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2  <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3     "Confidential" Information or Items:  information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(b) and 26(c) or under the doctrines of any privilege recognized by law, including the attorney-client, work product / trial preparation privileges.

2.4     Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.5     Producing Party:  a Party or non-party that produces Disclosure or Discovery Material in this action.

2.6     Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2.7     Protected Material: any Disclosure or Discovery Material that is designated as "Confidential."

2.8     Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.9     House Counsel:  attorneys who are employees of a Party or related entity to this action. House Counsel does not include Outside Counsel of Record.

2.10    House Representatives:  employees or any of the current or former officers, directors or employees of the Parties who are needed to assist in the prosecution or defense of this litigation.

2.11    Representatives (without qualifier):  Outside Counsel, House Counsel, and House Representatives (as well as their support staffs).

2.12    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

1   2.13   <u>Professional Vendors</u>:  persons or entities that provide litigation support
2   services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;
3   organizing, storing, retrieving data in any form or medium; etc.) and their employees and
4   subcontractors.
5   3.   <u>SCOPE</u>
6   The protections conferred by this Stipulation and Order cover not only Protected
7   Material (as defined above), but also any information copied or extracted there from, as
8   well as all copies, excerpts, summaries, or compilations thereof, plus **deposition** testimony,
9   ~~conversations, or presentations by parties or counsel to or in court or in other setting~~s that
10  might reveal Protected Material. Production of Protected Material does not operate as a
11  waiver of any applicable legal privileges or protections afforded to confidential
12  information.  **(FFM)**
13  Nothing in this Stipulated Protective Order shall (a) restrict either party's rights
14  with respect to its/his/her own documents or information, (b) restrict either party's rights
15  with regard to Discovery Materials that have not been designated as Confidential,
16  (c) prejudice either party's rights to object to the production or disclosure of documents
17  or other information that it considers not subject to discovery, or (d) prejudice either
18  party's right to seek, either by agreement or by application to the Court, greater or lesser
19  protection than that provided herein, or modification of the terms of this Stipulated
20  Protective Order.
21  This Stipulated Protective Order is entered into by the parties in order to
22  facilitate discovery and to avoid the need for Court intervention on motions to compel.
23  Nothing in this Stipulated Protective Order shall be construed as an admission or an
24  inference by either party on any issue whatsoever, including, but not limited to, whether
25  or not either party's designation of any materials as Confidential is proper under
26  California law.  The fact that the Parties entered into this Stipulated Protective Order
27  and its terms shall not in any way constitute an admission or inference of any fact or
28  contention with respect to the documents or information designated as Confidential

pursuant to this Stipulated Protective Order. Nothing in this Stipulated Protective Order shall apply in any manner to the Court's determination at trial, or at any other time, of whether or not any documents or information designated as Confidential, pursuant to this Stipulated Protective Order, are admissible in evidence at trial, or in any other proceeding in this Action.

## 4. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## 5. DESIGNATING PROTECTED MATERIAL

### 5.1 Exercise of Restraint and Care in Designating Material for Protection.

During the course of litigation, either Party may seek to have other Discovery Materials classified as "Confidential." Any party ("Designating Party") may designate as "Confidential" any Discovery Materials if it/he/she in good faith believes that the Discovery Materials contain private and confidential research, development, personnel, or commercial information and/or trade secrets and/or protected information under federal law. Discovery Materials so designated are referred to herein as "Confidential Materials." Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. If it comes to a Party's or a nonparty's attention that information or items that it designated for protection do not qualify for protection at all, that Party or non-party shall provide written notice of the removal of the designation along with duplicate copies of the Discovery Materials without the "Confidential" markings to all other parties to indicate that it is withdrawing the mistaken designation.

1      5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a) For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix the legend "CONFIDENTIAL" at the top of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins). Such designation shall be stamped or affixed so as not to obscure or deface the material or any portion of its contents.

(b) For testimony given in deposition ~~or in other pretrial or trial proceedings~~, the Party or non-party offering or sponsoring the testimony shall identify on the record, before the close of the deposition, ~~hearing, or other proceeding,~~ all protected testimony. When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or nonparty that sponsors, offers, or gives the testimony may invoke on the record (before the deposition ~~or proceeding~~ is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order. Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.  **(FFM)**

(c) For information produced in some form other than documentary, and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend

CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

(d)  Should any party, counsel for any party, or any person or entity not a party to this Action, who obtains access to all or any material designated as Confidential under this Stipulated Protective Order, make copies, duplicates, or extracts of or from such Confidential Material, or any portion thereof, the designation "Confidential" shall also be stamped on or affixed to such copies, duplicates or extracts, and all references in this Stipulated Protective Order shall be deemed to include and apply to such copies, duplicates and/or extracts of all information derived from Confidential Material and to Confidential Material marked as Exhibits at depositions or otherwise used during the litigation.

5.3     Inadvertent Failures to Designate. If either party, through inadvertence, does not designate certain Discovery Material as "Confidential," but thereafter determines that such Discovery Material should have been so designated, it shall provide written notice, within sixty (60) days after production, of the designation thereof as "Confidential" and to the extent practicable the Discovery Material will be treated as Confidential Material from the date of receipt of such notice.  If, later than sixty (60) days after production, either party discovers that certain Discovery Materials should have been designated as "Confidential" but were not so designated, the Parties shall meet and confer regarding re-designation of the Discovery Materials as "Confidential" and, if the Parties are unable to reach an agreement, the Parties shall follow the procedures for challenging a Confidential Designation in Section 6 herein.

5.4     The terms of this Order shall in no way affect the right of any person (a) to withhold or redact information on the alleged grounds of immunity from discovery such as, for example, attorney/client privilege, work product or privacy rights of the Parties or such third parties as putative class members, patients, physicians, clinical investigators, or reporters of claimed adverse reactions; (b) to withhold or redact information on alleged grounds that such information is neither relevant to any claim or defense nor reasonably calculated to lead to the discovery of admissible evidence. If information is redacted in a

document on the basis that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, the Parties may request, and the Producing Party shall provide, the reason for the redaction.

### 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3 <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule **37 (FFM)** (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall

continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

### 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  Confidential Materials may not be disclosed to any other person or entity without the prior written consent of the Designating Party or further order of the Court. Any disclosure should be only to the extent reasonably necessary to effective prosecution and defense of the Parties' claims in this Action, and for no other purpose.

The Parties acknowledge and agree that in order to prevent any undue impediments to the Court's administration of this case, official court employees are not bound by the terms of this Stipulation except to the extent of normal court procedures and applicable laws for filed and sealed documents.

When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, or except as set forth in Section 7.1 above, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation.;

(b) the named Parties to this lawsuit;

(b) House Representatives or House Counsel of a Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(f) in preparation for or during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) witnesses who author, receive, or have access to such material in the regular course of business.

7.3  Protecting Confidential Information at Depositions.

(a)  If either party determines that Confidential Materials may be disclosed during the course of any deposition, counsel shall be entitled to request that any persons present at the deposition be required to sign an Acknowledgment in the form attached hereto as Exhibit "A."

(b)  If any Confidential Material is marked as an exhibit in a deposition and/or its contents are disclosed, wholly or partially, in the course of the testimony at such deposition, counsel for the Parties shall advise the reporter taking and transcribing the testimony at such deposition or hearing of the portions of such testimony that refer to Confidential Material; the exhibit itself, as well as the portions of the transcript containing such disclosure, shall be marked "Confidential" and shall be deemed Confidential Material.  To this end, the reporter shall not furnish copies thereof to anyone other than counsel of record

for the Parties herein, and, if so requested by such counsel, the witness and/or the witness's counsel. If any Confidential Material is disclosed at a hearing, it shall be governed by Civil Local Rule 79-5.

7.4 <u>Conditions of Disclosure.</u>

(a) Prior to the disclosure of Confidential Materials or any information contained therein to a person qualified to receive it under Paragraph 7.4(b), counsel for the party making the disclosure shall secure from each such person an Acknowledgment in the form attached hereto as Exhibit "A" agreeing that he or she has read this Stipulated Protective Order, he or she may not, and that he or she undertakes not to, divulge any Confidential Materials or any information contained therein except in the preparation, trial, or appeal of this Action and in accordance with the terms and conditions of the Stipulated Protective Order, and that he or she will not use the Confidential Materials for any other purpose.

(b) Confidential Material shall be copied only by the Parties' counsel in this Action (or by clerical personnel or Outside Vendors assisting such counsel) and only for purposes permitted by this Stipulated Protective Order; and control and distribution of Confidential Materials and copies thereof shall be the responsibility of such counsel, who shall maintain a list of all persons to whom Confidential Materials have been disclosed as well as the written Acknowledgements executed by such persons as provided in Paragraph 7.2. For good cause shown in connection with any question of improper disclosure, a Designating Party may request the Court to order a party to disclose, <u>in camera,</u> a list of all persons to whom Confidential Materials have been disclosed as well as the written Acknowledgements executed by such persons.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.</u>

If any Party receives a request or subpoena from any non-party to this Stipulated Protective Order seeking production or disclosure of Confidential Material, that Party (the "Subpoenaed Party") shall give notice, as soon as practicable and in no event more than five (5) business days after receiving the subpoena, to counsel for the Designating

1  Party, which notice shall enclose a copy of the request or subpoena.  The Subpoenaed
2  Party shall not produce or disclose any of the designated documents or information for a
3  period of five (5) business days, if possible without violating the subpoena, after providing
4  such notice to the Designating Party, and in no event shall such production or disclosure
5  be made before such notice is given.  If, within five (5) business days of receiving such
6  notice, the Party **files a motion with the issuing court to prevent production** objects
7  to such production or disclosure, the Subpoenaed Party shall not make such production or
8  disclosure **until the Court rules on the motion** except pursuant to a Court order
9  requiring compliance.  **(FFM)**

10              9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL
11       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed
12  Protected Material to any person or in any circumstance not authorized under this
13  Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the
14  Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all
15  copies of the Protected Material, (c) inform the person or persons to whom unauthorized
16  disclosures were made of all the terms of this Order, and (d) request such person or persons
17  to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as
18  Exhibit "A."

19              10. FILING PROTECTED MATERIAL.
20       A Party that seeks to file any Protected Material must seek to do so under seal and
21  must comply with Civil Local Rule 79-5.

22              11. FINAL DISPOSITION.
23       Unless otherwise ordered or agreed in writing by the Producing Party, within sixty
24  days after the final termination of this action, each Receiving Party must return all
25  Protected Material to the Producing Party. As used in this subdivision, "all Protected
26  Material" includes all copies, abstracts, compilations, summaries or any other form of
27  reproducing or capturing any of the Protected Material, to the extent not subject to the
28  attorney-client privilege or work product doctrine. Alternatively, the Receiving Party may

703202992v1                              - 12 -
[PROPOSED] STIPULATED PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION

destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any nonprivileged copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Representatives are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

## 12. MISCELLANEOUS

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order.

12.3 <u>Additional Parties to Lawsuit</u>.

In the event that other parties may be added to this Action, no Confidential Material previously exchanged, produced, or used herein shall be disclosed to such additional parties or their counsel except upon their agreeing to be bound by the provisions of this Stipulated Protective Order.

12.4 <u>Additional Rights.</u>

This Stipulated Protective Order is without prejudice to the right of any party to move the Court for an order for good cause shown for protection of Confidential Material sought by or produced through discovery, which protection is different from or in addition

1 to that provided for in this Stipulated Protective Order, and such right is expressly reserved.
2 Similarly, each party expressly reserves the right at any time to request the Court to
3 authorize disclosure, other than as contemplated hereunder, of materials subject to this
4 Stipulated Protective Order.
5     IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.
6     IT IS SO ORDERED.
7 Dated:  August 29, 2011

                                /S/ FREDERICK F. MUMM
                                FREDERICK F. MUMM
                                United States Magistrate Judge

# EXHIBIT A

I, _____, acknowledge that I have been given a copy of and have read the Stipulated Protective Order regarding confidential information (hereafter, the "Order") in *Ellis v. Pacific Bell Telephone Company d/b/a AT&T California*, United States District Court, Central District Court Case No. SACV 11-006271-CJC(FFMx), and I agree to be bound by its terms. I acknowledge and agree that any discovery received by me in connection with this matter and designated "Confidential," and any copies, excerpts, summaries, and abstracts of such discovery, shall not be disclosed to or discussed with anyone except as expressly provided in the Order. I further acknowledge and agree that all discovery received by me in connection with this action and marked Confidential, or documents prepared by me based in any way upon such discovery, shall be used only in the prosecution or defense, including any appeal, of this matter and shall be returned at the conclusion of the case.

I consent to the jurisdiction of the Los Angeles County Superior Court for the purposes of enforcing the Order and penalizing violations thereof.

EXECUTED on _____, at _____.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____